# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWARD MAXWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAIRWAY CAPITAL RECOVERY, LLC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, EDWARD MAXWELL, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, FAIRWAY CAPITAL RECOVERY, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. EDWARD MAXWELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kansas City, County of Jackson, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was debt incurred by an unknown third party without Plaintiff's knowledge or consent.

1

6. The debt that Plaintiff was allegedly obligated to pay was debt incurred by an unknown third party who used Plaintiff's identity without his consent or knowledge.

7. The debt Plaintiff was allegedly obligated to pay was incurred primarily for personal use and/or household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. FAIRWAY CAPITAL RECOVERY, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is registered as a Limited Liability Company in the State of Ohio.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. In or prior to March 2012, Plaintiff's identity was stolen by an unknown third-party.

16. In or prior to March 2012, Plaintiff filed multiple police reports as the result of his status as an identity theft victim.

17. In or prior to March 2012, an unknown third-party using Plaintiff's identity allegedly incurred a debt.

18. The debt incurred by the unknown third-party was incurred without Plaintiff's knowledge or consent.

19. At all relevant times, Defendant was attempting to collect from Plaintiff a debt incurred by an unknown-third party.

20. Plaintiff was neither legally responsible nor obligated to pay the debt on which Defendant was attempting to collect from him.

21. On or about March 28, 2012, Defendant initiated a telephone call to Plaintiff's place of employment in an attempt to collect a debt he allegedly owed.

22. At the time Defendant initiated the telephone call to Plaintiff's place of employment, Defendant engaged in a telephone conversation with Plaintiff's co-worker.

23. The co-worker with whom Defendant spoke was a subordinate that worked for Plaintiff.

24. Defendant told Plaintiff's co-worker that it wanted to leave a message for Plaintiff.

25. Defendant's duly authorized representative identified herself to Plaintiff's co-worker as "Sara Stewart."

3

26. Defendant told Plaintiff's co-worker that "[Plaintiff] or [Plaintiff's] attorney needed to call [Defendant's duly authorized representative] as soon as possible."

27. Defendant then left a telephone number for Plaintiff's co-worker at which Plaintiff could contact Defendant.

28. The telephone number Defendant left with Plaintiff's co-worker was Defendant's telephone number.

29. Plaintiff's co-worker informed Plaintiff of the contents of the aforesaid telephone conversation.

30. Plaintiff did not consent to Defendant communicating with third-parties.

31. Defendant's statement to Plaintiff's co-worker that Plaintiff or his attorney had to contact Defendant was soon as possible had the effect of conveying to an unsophisticated consumer that a legal matter or case existed against Plaintiff.

32. Defendant's representation that a legal matter or case existed against Plaintiff was false, deceptive and/or misleading given at the time Defendant made the statement, no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

33. Defendant's representation that a legal matter or case existed against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the statement, no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

34. Plaintiff was embarrassed, humiliated and ashamed by the fact that Defendant informed his co-worker of the aforementioned statements.

4

Case 4:12-cv-00692-SOW   Document 1   Filed 06/06/12   Page 4 of 17

35. On or about March 28, 2012, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect a debt Plaintiff allegedly owed.

36. Plaintiff informed Defendant that he did not owe the debt on which Defendant was attempting to collect.

37. Plaintiff further informed Defendant that he was an identify theft victim.

38. Plaintiff told Defendant that the debt on which it was attempting to collect was incurred as the result of fraudulent conduct by an unknown third-party.

39. Plaintiff told Defendant that the debt was incurred without his consent or knowledge and that he would not pay Defendant for the debt.

40. Defendant responded to Plaintiff's statements by calling Plaintiff a liar.

41. Defendant further told Plaintiff it would continue to call Plaintiff until Plaintiff paid the debt on which Defendant was attempting to collect.

42. Defendant told Plaintiff it did not care if Plaintiff was a victim of identity theft and told Plaintiff that it was his responsibility to pay the debt.

43. Plaintiff further informed Defendant that he had filed police reports as a result of his status as an identity theft victim.

44. Defendant told Plaintiff that many individuals informed Defendant that they were victims of identity theft and that Defendant did not believe Plaintiff.

45. At no time during the course of the aforesaid telephone conversation did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

46. During the course of the aforesaid telephone call, Defendant told Plaintiff that if he did not pay the debt on which it was collecting then the court would award a "no contest judgment against [Plaintiff]."

47. At the time Defendant made the statement that the court would award a no contest judgment against Plaintiff, no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

48. Again, Defendant's representation that a lawsuit had been filed against Plaintiff was false, deceptive and/or misleading given at the time Defendant made the statement, no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

49. Again, Defendant's representation that a lawsuit had been filed against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the statement, no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

50. Defendant's representations, as delineated above, further had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend himself in a lawsuit brought against him by Defendant.

51. Defendant's representations, as delineated above, further had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt he allegedly owed then Defendant would summarily obtain a judgment against Plaintiff relative to the debt he allegedly owed.

52. Subsequent to March 28, 2012, despite Plaintiff having informed Defendant that the debt on which it was attempting to collect was incurred as the result of fraud and that

6

Plaintiff would not pay the debt, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the Defendant.

53. On or about March 29, 2012, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant, again, attempted to collect a debt Plaintiff allegedly owed.

54. Again, Plaintiff informed Defendant that he did not owe the debt on which Defendant was attempting to collect and that the debt was incurred by an unknown third-party.

55. Plaintiff reiterated to Defendant that he was an identify theft victim and that he was not responsible for incurring the debt.

56. Plaintiff reiterated to Defendant that he would not pay Defendant for the debt.

57. Defendant, again, responded to Plaintiff's statements by calling Plaintiff a liar.

58. Defendant's statement as delineated above, in paragraph 57, was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

59. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

60. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

61. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

62. During the course of the telephone call between Plaintiff and Defendant, on or about March 29, 2012, Defendant, again, told Plaintiff that he had to pay the debt and that it would continue to contact him until he paid the debt.

7

63. Defendant further told Plaintiff it was his responsibility to file a police report and to prove to Defendant that he did not owe the debt.

64. Plaintiff, again, informed Defendant that he had filed multiple police reports regarding his status as an identity theft victim.

65. During the course of the aforesaid telephone conversation, Defendant's duly authorized representative told Plaintiff that he was calling from Defendant's legal department.

66. Defendant further informed Plaintiff that if he did not pay the debt he would be served with a lawsuit.

67. Defendant's representation to Plaintiff that he would be served with a lawsuit, as delineated above, had the effect of conveying to an unsophisticated consumer that a lawsuit had already been filed against Plaintiff.

68. Defendant's representation that a lawsuit had already been filed against Plaintiff was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

69. Defendant's representation that a lawsuit had already been filed against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

70. At no time during the course of the aforesaid telephone conversation did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

71. Defendant's statements, as delineated above, in conjunction with the fact that Defendant failed to inform Plaintiff it was a debt collector, had the effect of conveying to an unsophisticated consumer that Defendant's duly authorized representative with who Plaintiff spoke was an attorney.

72. Upon information and belief, the duly authorized representative who spoke with Defendant during the aforesaid telephone call was not an attorney.

73. Defendant's duly authorized representative's statement that he was an attorney was false, deceptive and/or misleading given that said representative was not an attorney.

74. Subsequent to March 29, 2012 through April 2012, despite Plaintiff having informed Defendant, on multiple occasions, that the debt on which it was attempting to collect was incurred as the result of fraud and that Plaintiff would not pay the debt, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the Defendant.

75. Defendant's conduct in continuing to initiate multiple telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed was carried out by Defendant with an intent to abuse and/or harass Plaintiff given that Plaintiff informed Defendant that the putative debt he owed was incurred as the result of fraud and that he would not pay for the debt.

76. Defendant's conduct in continuing to initiate multiple telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed even after Plaintiff informed Defendant, on multiple occasions, that the putative debt he owed was incurred as the result of fraud and that he would not pay for the debt was unfair and/or unconscionable.

77. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

78. In or around March 2012, during a telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff if he did not pay the debt then Defendant would garnish Plaintiff's wages.

79. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

80. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

81. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

82. In or around March 2012, subsequent to Defendant having engaged in multiple communications with Plaintiff and after Defendant was cognizant of Plaintiff's location information, Defendant initiated a telephone call to Plaintiff's mother in a further attempt to collect the debt he allegedly owed.

83. In or around March 2012, Defendant engaged in a telephone conversation with Plaintiff's mother.

84. Defendant's duly authorized representative asked Plaintiff's mother if she knew Plaintiff.

85. Defendant then told Plaintiff's mother that it required information regarding Plaintiff.

86. During the course of the aforesaid telephone conversation between Defendant and Plaintiff's mother, Plaintiff's mother informed Defendant that she would not provide Defendant with any information regarding Plaintiff.

87. Defendant's duly authorized representatives informed Plaintiff's mother that they were calling from Fairway Capital Recovery.

88. At no time during the course of the aforesaid telephone conversation between Defendant and Plaintiff's mother did Defendant state it was calling to confirm or correct location information for Plaintiff.

89. Plaintiff's mother informed Plaintiff of the contents of the aforesaid telephone call.

90. In or around March 2012, subsequent to Defendant having engaged in multiple communications with Plaintiff and after Defendant was cognizant of Plaintiff's location information, Defendant initiated another telephone call to Plaintiff's mother in a further attempt to collect the debt he allegedly owed.

91. In or around March 2012, subsequent to Defendant having engaged in a telephone conversation with Plaintiff's mother wherein she informed Defendant that she would not provide Defendant with any information regarding Plaintiff, Defendant initiated another telephone call to Plaintiff's mother in a further attempt to collect the debt he allegedly owed.

92. In or around March 2012, Defendant engaged in another telephone conversation with Plaintiff's mother.

93. Defendant's duly authorized representative, again, asked Plaintiff's mother if she knew Plaintiff.

94. Defendant then told Plaintiff's mother that it had questions for her relating to Plaintiff.

95. Defendant further told Plaintiff's mother that she had to answer Defendant's questions relating to Plaintiff.

11

96. Defendant's duly authorized representatives informed Plaintiff's mother that they were calling from Fairway Capital Recovery.

97. At no time during the course of the aforesaid telephone conversation between Defendant and Plaintiff's mother did Defendant state it was calling to confirm or correct location information for Plaintiff.

98. Plaintiff's mother informed Plaintiff of the contents of the aforesaid telephone call.

99. On or about April 11, 2012, Defendant's duly authorized representative who identified herself as Sarah Stewart initiated a telephone call to Plaintiff in a further attempt to collect a debt he allegedly owed.

100. Defendant initiated the aforesaid telephone call to one of Plaintiff's cellular telephone numbers.

101. Defendant then left a voicemail message for Plaintiff wherein Defendant's duly authorized representative stated "Edward Maxwell. Contact Sarah Stewart at Fairway Capital regarding your case. Case number 14266453. Contact me at 513-XXX-7900."

102. At no time during the course of the aforesaid voicemail message did Defendant state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

103. On or about April 11, 2012, immediately after Defendant left the aforesaid voicemail message for Defendant, Defendant initiated another telephone call to Plaintiff in a further attempt to collect a debt he allegedly owed.

104. Defendant initiated the aforesaid telephone call to a different cellular telephone number used by Plaintiff.

12

105. Defendant then, again, left a voicemail message for Plaintiff wherein Defendant's duly authorized representative stated "Edward Maxwell. Contact Sarah Stewart at Fairway Capital regarding your case. Case number 14266453. Contact me at 513-XXX-7900."

106. Again, at no time during the course of the aforesaid voicemail message did Defendant state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

107. Defendant's representations to Plaintiff in the aforesaid voicemail messages that Plaintiff was to contact Defendant regarding a putative case pending against him was false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations no lawsuit, and thus no case, had been filed against Plaintiff relative to the debt on which it was attempting to collect.

108. Defendant's representations to Plaintiff in the aforesaid voicemail messages that Plaintiff was to contact Defendant regarding a putative case pending against him misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that at the time Defendant made the aforesaid representations no lawsuit, and thus no case, had been filed against Plaintiff relative to the debt on which it was attempting to collect.

109. Defendant's representations, as delineated above, again, had the effect of conveying to an unsophisticated consumer that a lawsuit had already been filed against Plaintiff.

110. Again, Defendant's representation that a lawsuit had already been filed against Plaintiff was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

13

111. Again, Defendant's representation that a lawsuit had already been filed against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

112. On or about April 11, 2012, immediately after Defendant initiated the two (2) aforesaid telephone calls to Plaintiff, Defendant initiated another telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed.

113. Defendant initiated the aforesaid telephone call to Plaintiff's place of employment.

114. During the course of the aforementioned telephone call, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

115. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that the individual that had contacted Plaintiff on behalf of Defendant was an attorney.

116. The aforesaid individual is a duly authorized representative of Defendant.

117. Despite the fact that Defendant is a law firm, upon information and belief, the individual that made the statements on behalf of Defendant, as delineated above, is not an attorney.

118. At no time during the course of the aforementioned telephone call between Defendant and Plaintiff did Defendant apprise Plaintiff that he is not an attorney.

14

119. In or around April 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed.

120. Plaintiff informed Defendant that he had retained an attorney to represent him with respect to the debt on which Defendant was attempting to collect.

121. Plaintiff then attempted to provide Defendant with his attorney's contact information.

122. Defendant then refused to obtain Plaintiff's attorney's contact information.

123. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

h. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

124. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

125. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EDWARD MAXWELL, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**EDWARD MAXWELL**

By:    s/ Paul T. Krispin, Jr.
       Attorney for Plaintiff

Dated: June 6, 2012

Paul T. Krispin, Jr. (Bar # 33203)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (314) 667-4382
Facsimile:    (888) 418-1277
E-Mail:       pkrispin@smithlaw.us