# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWARD MAXWELL ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:12-cv-00692-SOW |
| ) | |
| vs. ) | Judge Wright |
| ) | |
| FAIRWAY CAPITAL RECOVERY, ) | JURY TRIAL DEMANDED |
| LLC AND MATTHEW M. ALKIRE ) | |
| ) | |
| Defendants. ) | |

## SEPARATE ANSWER OF DEFENDANT FAIRWAY CAPITAL RECOVERY, LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Fairway Capital Recovery, LLC (hereinafter "Fairway"), and for its Answer to Plaintiff's First Amended Complaint, states as follows:

### I. PRELIMINARY STATEMENT

1. Defendant Fairway expressly denies that Fairway or Alkire violated the FDCPA. Defendant Fairway provides no further response to paragraph 1, as it contains no further allegations against this Defendant.

### II. JURISDICTION AND VENUE

2. Defendant Fairway admits paragraph 2.

3. Defendant Fairway admits paragraph 3.

### III. PARTIES

4. Defendant Fairway admits paragraph 4.

5. Defendant Fairway has insufficient information to confirm or deny paragraph 5 and, therefore, denies same.

6. Defendant Fairway has insufficient information to confirm or deny paragraph 6 and, therefore, denies same.

7. Defendant Fairway has insufficient information to confirm or deny paragraph 7 and, therefore, denies same.

8. Defendant Fairway has insufficient information to confirm or deny paragraph 8 and, therefore, denies same.

9. Defendant Fairway admits paragraph 9.

10. Defendant Fairway admits paragraph 10.

11. Defendant Fairway admits paragraph 11.

12. Defendant Fairway admits paragraph 12.

13. Defendant Fairway admits paragraph 13.

14. Defendant Fairway denies each and every allegation in paragraph 14.

15. Defendant Fairway admits paragraph 15.

16. Defendant Fairway admits paragraph 16.

17. Defendant Fairway denies each and every allegation in paragraph 17.

18. Defendant Fairway denies each and every allegation in paragraph 18.

19. Defendant Fairway denies each and every allegation in paragraph 19.

20. Defendant Fairway denies each and every allegation in paragraph 20.

21. Defendant Fairway denies each and every allegation in paragraph 21.

22. Defendant Fairway denies each and every allegation in paragraph 22.

## IV. ALLEGATIONS

### COUNT I: Edward Maxwell v. Fairway Capital Recovery, LLC

23. Defendant Fairway incorporates by reference its responses to paragraphs 1-22, as if fully set forth herein.

24. Defendant Fairway has insufficient information to confirm or deny paragraph 24 and, therefore, denies same.

25. Defendant Fairway has insufficient information to confirm or deny paragraph 25 and, therefore, denies same.

26. Defendant Fairway has insufficient information to confirm or deny paragraph 26 and, therefore, denies same.

27. Defendant Fairway has insufficient information to confirm or deny paragraph 27 and, therefore, denies same.

28. Defendant Fairway has insufficient information to confirm or deny paragraph 28 and, therefore, denies same.

29. Defendant Fairway has insufficient information to confirm or deny paragraph 29 and, therefore, denies same.

30. Defendant Fairway admits paragraph 30.

31. Defendant Fairway admits that it initiated a telephone call to Plaintiff's place of employment and left a message with Plaintiff's co-worker, but denies the remaining allegations in paragraph 31.

32. Defendant Fairway admits that the individual stated she was Plaintiff's secretary. Defendant Fairway has insufficient information to confirm or deny the remainder of paragraph 32 and, therefore, denies same.

33. Defendant Fairway has insufficient information to confirm or deny paragraph 33 at this time, and, therefore, denies same.

34. Defendant Fairway has insufficient information to confirm or deny paragraph 34 at this time, and, therefore, denies same.

35. Defendant Fairway has insufficient information to confirm or deny paragraph 35 at this time, and, therefore, denies same.

36. Defendant Fairway has insufficient information to confirm or deny paragraph 36 at this time, and, therefore, denies same.

37. Defendant Fairway has insufficient information to confirm or deny paragraph 37 at this time, and, therefore, denies same.

38. Defendant Fairway has insufficient information to confirm or deny paragraph 38 and, therefore, denies same.

39. Defendant Fairway has insufficient information to confirm or deny paragraph 39 and, therefore, denies same.

40. Defendant Fairway denies said statement was made to Defendant's co-worker, and denies the remaining allegations in paragraph 40.

41. Defendant Fairway denies that it represented that a legal matter or case existed, and denies the remaining allegations in paragraph 41.

42. Defendant Fairway denies that it represented that a legal matter or case existed, and denies the remaining allegations in paragraph 42.

43. Defendant Fairway denies each and every allegation in paragraph 43.

44. Defendant Fairway admits that Plaintiff engaged in a telephone conversation with Fairway, but denies that the conversation took place on March 28, 2012 (rather on March 29, 2012).

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Defendant Fairway denies each and every allegation in paragraph 49.

50. Defendant Fairway denies each and every allegation in paragraph 50.

51. Defendant Fairway denies each and every allegation in paragraph 51.

52. Defendant has insufficient information to confirm or deny paragraph 52 at this time, and, therefore, denies same.

53. Defendant Fairway denies each and every allegation in paragraph 53.

54. Defendant Fairway denies each and every allegation in paragraph 54.

55. Defendant Fairway denies each and every allegation in paragraph 55.

56. Defendant Fairway denies that Fairway made said statement, but admits that there was no lawsuit filed against Plaintiff at the time of the telephone call.

57. Defendant Fairway denies that Fairway represented a lawsuit had been filed and denies that Fairway made any false, deceptive, and/or misleading statement. Defendant Fairway admits that a lawsuit had not been filed.

58. Defendant Fairway denies that Fairway represented a lawsuit had been filed and denies that Fairway misrepresented the character, nature, and/or legal status of the debt. Defendant Fairway admits that a lawsuit had not been filed.

59. Defendant Fairway denies each and every allegation in paragraph 59.

60. Defendant Fairway denies each and every allegation in paragraph 60.

61. Defendant Fairway denies each and every allegation in paragraph 61.

62. Defendant Fairway admits that it engaged in one telephone conversation with Plaintiff (on March 29, 2012, as stated above). Defendant Fairway denies that it engaged in a second telephone conference with Plaintiff.

63. Defendant Fairway denies each and every allegation in paragraph 63.

64. Defendant Fairway denies each and every allegation in paragraph 64.

65. Defendant Fairway denies each and every allegation in paragraph 65.

66. Defendant Fairway denies each and every allegation in paragraph 66.

67. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 67.

68. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 68.

69. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 69.

70. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 70.

71. Defendant Fairway denies each and every allegation in paragraph 71.

72. Defendant Fairway denies each and every allegation in paragraph 72.

73. Defendant Fairway denies each and every allegation in paragraph 73.

74. Defendant Fairway denies each and every allegation in paragraph 74.

75. Defendant Fairway denies each and every allegation in paragraph 75.

76. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 76.

77. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 77.

78. Defendant Fairway denies said statement was made, and denies each and every remaining allegation in paragraph 78.

79. Defendant Fairway denies each and every allegation in paragraph 79.

80. Defendant Fairway denies said statements were made, and denies each and every remaining allegation in paragraph 80.

81. Defendant Fairway denies the aforesaid telephone call took place, and thus denies paragraph 81.

82. Defendant Fairway denies said telephone call took place or that said statement was made, and thus denies paragraph the remainder of paragraph 82.

83. Defendant Fairway denies each and every allegation in paragraph 83.

84. Defendant Fairway denies each and every allegation in paragraph 84.

85. Defendant Fairway denies each and every allegation in paragraph 85.

86. Defendant Fairway denies each and every allegation in paragraph 86.

87. Defendant Fairway denies each and every allegation in paragraph 87.

88. Defendant Fairway admits no lawsuit had been filed against Plaintiff, but denies the remaining allegations in paragraph 88.

89. Defendant Fairway admits no judgment had been entered against Plaintiff, but denies the remaining allegations in paragraph 89.

90. Defendant Fairway denies it threatened to garnish Plaintiff's wages. The remainder of Paragraph 90 calls for a legal conclusion, and Defendant Fairway thus provides no further response to same.

91. Defendant Fairway denies each and every allegation in paragraph 91.

92. Defendant Fairway denies each and every allegation in paragraph 92.

93. Defendant Fairway denies each and every allegation in paragraph 93.

94. Defendant Fairway denies each and every allegation in paragraph 94.

95. Defendant Fairway denies each and every allegation in paragraph 95.

96. Defendant Fairway expressly denies that it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 96.

97. Defendant Fairway expressly denies it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 97.

98. Defendant Fairway expressly denies it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 98.

99. Defendant Fairway denies each and every allegation in paragraph 99.

100. Defendant Fairway denies each and every allegation in paragraph 100.

101. Defendant Fairway denies each and every allegation in paragraph 101.

102. Defendant Fairway denies each and every allegation in paragraph 102.

103. Defendant Fairway denies each and every allegation in paragraph 103.

104. Defendant Fairway denies each and every allegation in paragraph 104.

105. Defendant Fairway denies it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 105.

106. Defendant Fairway expressly denies it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 106.

107. Defendant Fairway expressly denies it had a conversation with Plaintiff's mother, and denies each and every remaining allegation in paragraph 107.

108. Defendant Fairway admits that its representative, Sarah Stewart, initiated a call to Plaintiff on or about April 11, 2012 in an attempt to collect a debt Plaintiff allegedly owed, but denies that any message was left or that she identified herself in said phone call.

109. Defendant Fairway denies each and every allegation in paragraph 109.

110. Defendant Fairway denies each and every allegation in paragraph 110.

111. Defendant Fairway denies that it left a voicemail message on April 11, 2012, and denies the remaining allegations in paragraph 111.

112. Defendant Fairway denies each and every allegation in paragraph 112.

113. Defendant Fairway denies each and every allegation in paragraph 113.

114. Defendant Fairway denies each and every allegation in paragraph 114.

115. Defendant Fairway denies each and every allegation in paragraph 115.

116. Defendant Fairway denies each and every allegation in paragraph 116.

117. Defendant Fairway denies each and every allegation in paragraph 117.

118. Defendant Fairway denies each and every allegation in paragraph 118.

119. Defendant Fairway denies each and every allegation in paragraph 119.

120. Defendant Fairway denies each and every allegation in paragraph 120.

121. Defendant Fairway denies each and every allegation in paragraph 121.

122. Defendant Fairway denies each and every allegation in paragraph 122.

123. Defendant Fairway denies that the aforementioned telephone call took place, and denies each and every remaining allegation in paragraph 123.

124. Defendant Fairway denies that the aforementioned telephone call took place, and denies each and every remaining allegation in paragraph 124.

125. Defendant Fairway denies that the aforementioned telephone call took place, and denies each and every remaining allegation in paragraph 125.

126. Defendant Fairway denies that it is a law firm, and denies the statements listed above were made.

127. Defendant Fairway denies the above telephone call took place, and denies the remaining allegations in paragraph 127.

128. Defendant Fairway denies paragraph 128, other than the April 11, 2012 call wherein no communication was made.

129. Defendant Fairway denies each and every allegation in paragraph 129.

130. Defendant Fairway denies that the aforementioned telephone call took place, and denies each and every remaining allegation in paragraph 130.

131. Defendant Fairway denies each and every allegation in paragraph 131.

132. Defendant Fairway denies each and every allegation in paragraph 132, including subparagraphs a-m.

133. Defendant Fairway denies each and every allegation in paragraph 133.

## COUNT II

Defendant Fairway provides no response to Count II, as it contains no allegations against Fairway. To the extent a response is required, this Defendant denies all allegations within Count II.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Fairway Capital Recovery, LLC, and for its Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1. Defendant Fairway denies each and every allegation in Plaintiff's First Amended Complaint unless expressly admitted herein.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Any harm to Plaintiff resulted from conduct of third parties over which this Defendant has no control. Defendant Fairway reserves his right to assert indemnity or contribution from any such parties discovered during the proceedings in this action.

4. By way of further answer and as an affirmative defense, this Defendant states that the Defendant(s) at all times followed reasonable procedures to assure the maximum possible accuracy of the credit information pertaining to Plaintiff.

5. That any violation of the FDCPA as alleged by Plaintiff, if found to have occurred, was not intentional, and resulted from a bona fide error notwithstanding the procedures reasonably adapted by Defendant(s) to avoid any such error.

6. By way of further answer and as an affirmative defense, this Defendant states that Plaintiff did not justifiably rely upon any alleged false or misleading representations.

7. By way of further answer and as an affirmative defense, this Defendant states that at all pertinent times herein, the Defendant(s) acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

8. By way of further answer and as an affirmative defense, this Defendant states that Plaintiff has failed to take reasonable actions to mitigate any damages which Plaintiff may have suffered.

9. By way of further answer and as an affirmative defense, this Defendant states that at all pertinent times herein, the Defendant(s) acted in good faith reliance on the information provided by the creditor/holder of the subject account.

10. By way of further answer and as an affirmative defense, this Defendant states that Plaintiff's claims fall outside the Statute of Limitations and/or are barred by laches.

11. Plaintiff's claims are barred by the doctrine of substantial compliance.

12. By way of further answer and affirmative defense, Plaintiff does not have standing to bring this suit under Article III of the U.S. Constitution, as he has not sustained any actual damages.

13. Plaintiff's claims are barred because the FDCPA is unconstitutionally vague.

14. The FDCPA is a facially unconstitutional restriction on commercial speech in violation of the First Amendment.

15. As applied to Defendant(s), the FDCPA is an unconstitutional restriction on commercial speech in violation of the First Amendment.

16. This Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual and legal developments in this case.

WHEREFORE, Defendant Fairway Capital Recovery, LLC, having fully answered Plaintiff's First Amended Complaint, prays that this Court:

    a. Dismiss this action or enter judgment in favor of Defendant Fairway Capital Recovery, LLC and against Plaintiff;

    b. Declare that Defendant Fairway Capital Recovery, LLC has not violated the FDCPA based upon the alleged acts;

    c. Order that attorneys' fees be taxed against Plaintiff for Plaintiff bringing this action in bad faith and for the purpose of harassment under 15 USC 1692k(a)(3), and that costs be taxed against Plaintiff, and

    d. Order any other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Karen L. Jones
Karen L. Jones, #57813MO
Evans & Dixon, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, MO 63102
314-552-4107
314-884-4507 – Fax
kjones@evans-dixon.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2012 I electronically filed this Answer to Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties/attorneys of record.

/s/ Karen L. Jones